UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BRADLEY,<br>CDCR #E-48180,<br><br>                                   Plaintiff,<br><br>                    vs.<br><br>KATCHKA, R.N.;<br>M. CASTILLO, Correctional Officer;<br>ALVAREZ, Sergeant;<br>D. PARAMO, Warden,<br><br>                                   Defendants. | Case No.: 3:18-cv-00605-JLS-JLB<br><br>**ORDER:**<br><br>**(1)  SUA SPONTE DISMISSING DEFENDANTS KATCHKA AND PARAMO PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) & 28 U.S.C. § 1915A(b)(1)**<br><br>**AND**<br><br>**(2)  DIRECTING U.S. MARSHAL TO EFFECT SERVICE UPON DEFENDANTS CASTILLO AND ALVAREZ PURSUANT TO 28 U.S.C. § 1915(d) AND Fed. R. Civ. P. 4(c)(3)** |

Plaintiff William Bradley, currently incarcerated at the Substance Abuse Treatment Facility in Corcoran, California, and proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 21, 2017, in the Central District of California. (*See* "Compl.," ECF No. 1.)

Plaintiff claims Correctional Officer Castillo and Sergeant Alvarez at Richard J. Donovan Correctional Facility ("RJD"), in San Diego, California, violated his Eighth Amendment rights by using excessive force to extract him from his cell in the Ad-Seg Unit while he was incarcerated there on December 21, 2016. Plaintiff further contends R.N. Katchka failed to properly document his injuries, and Warden Paramo failed to supervise his subordinates. (*Id.* at 2–4, 8–13.)  He seeks $600,000 in compensatory and $1.5 million in punitive damages, and demands a trial by jury. (*Id.* at 6.)

## I. Procedural History

Plaintiff did not pay the civil filing fee required by 28 U.S.C. § 1914(a) to commence a civil action when he filed his Complaint in the Central District in November 2017, but on January 5, 2018, U.S. Magistrate Judge Shashi H. Kewalramani granted his request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). (*See* ECF No. 6.)

Later, on March 23, 2018, Judge Kewalramani transferred the case here, finding that because Plaintiff's claims are alleged to have arisen at RJD, and all Defendants are alleged to reside in San Diego County, the Southern District of California and not the Central District, is the appropriate venue. (*See* ECF No. 9, citing 28 U.S.C. § 1391(b), § 1406(a).) Judge Kewalramani did not screen Plaintiff's Complaint pursuant to either 28 U.S.C. § 1915(e)(2) or § 1915A before the transfer.

## II. Screening Required by 28 U.S.C. § 1915(e)(2) and § 1915A

### A. Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).  "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'"

*Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

### B.    *Plaintiff's Allegations*

Plaintiff claims that on December 21, 2016, while he was housed in RJD's Ad-Seg Unit, he experienced "chronic & severe abdominal pains," for his "I.B.S.," and requested Correctional Officer Castillo to accept his "7632 Health Care Service Request Form." (*See* Compl. 8.) Plaintiff claims Castillo smiled, replied, "We don't do it that way here, (Just call man down!)," and "walked off laughing." (*Id.* at 8–9.)

Ten minutes later, however, Plaintiff alleges Castillo returned with R.N. Jones to

"issue [his] evening meds." (*Id.* at 9.)[1]  As they approached, Plaintiff claims he was "ben[t] over on [the] floor in a fetal position, holding his stomach," still suffering from "extreme pain," and yelling "Help, Man Down!" (*Id.*)  Plaintiff claims R.N. Jones asked Castillo to open the cell, and Castillo did so, together with Sergeant Alvarez, who was armed with a "ramming shield." (*Id.* at 9.)  Plaintiff claims Castillo and Alvarez then "orchestrated [a] bull-dozer assault," "jump[ed]" on his back, applied "extreme pressure to [his] neck," and "continuously shouted 'Stop[] Resisting[!]'" which Plaintiff was "not doing at any time." (*Id.*)  Plaintiff claims he was frightened, feared for his life, and claims Castillo and Alvarez did not apply force in a "good faith effort to maintain or restore discipline," that he was only "seeking emergency medical care," and that their actions were a "malicious," "sadistic," and "racist callous act[]." (*Id.* at 10.)

Plaintiff further claims that after the incident, R.N. Katchka examined him, but failed to properly document his injuries on a CDCR Form 7219.[2]  (*Id.* at 10, *see also* Ex. A, ECF No. 1, at 17.)  As to Defendant Paramo, Plaintiff simply alleges he "held [the] position" as Warden at RJD at the time of the incident, and that he "failed to stop his subordinates from indulging in heinous acts." (*Id.* at 4, 8.)

### C.    *42 U.S.C. § 1983*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030,

---

[1]  R.N. Jones is not named as a Defendant.

[2] Pursuant to the Cal. Dept. of Corrections and Rehabilitation's *Operations Manual*, "[l]icensed [h]ealth care staff shall determine and identify any injuries sustained by the alleged victim and suspect, assess and identify if they are urgent/emergent, and provide immediate emergency medical care to the alleged victim and suspects.  The injuries sustained by the alleged victim and suspect shall be documented on a CDCR Form 7219, Medical Report of Injury or Occurrence and CDCR Form 837-C for use in the inmate disciplinary process and provide to custody." *See* CDCR, *Op. Man.*, § 54040.8.3 "Medical Services Responsibilities" (rev. July 27, 2017).

1035–36 (9th Cir. 2015).

### D.    *Warden Paramo*

First, the Court notes that in addition to Officer Castillo, Sergeant Alvarez, and R.N. Katchka, Plaintiff has named the Warden of RJD, Daniel Paramo, as a Defendant.  (*See* Compl. 1, 4.)   However, nowhere in the body of his Complaint does Plaintiff include "further factual enhancement" which describes how or when Warden Paramo was personally involved in the December 21, 2016 incident, or to what extent the Paramo was the cause of any injury.  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557). Instead, Plaintiff simply identifies Paramo as RJD's Warden, and alleges he had the authority to "oversee," but failed to "stop his subordinates," from harming Plaintiff.  (*See* Compl. 4.) However, there is no respondeat superior liability under 42 U.S.C. § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437–38 (9th Cir. 1993).   "Because vicarious liability is inapplicable to . . . § 1983 suits, [Plaintiff] must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 at 676; *see also Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege with at least me degree of particularity overt acts which defendants engaged in" in order to state a claim).

As currently pleaded, Plaintiff's Complaint offers no factual detail from which the Court might reasonably infer a plausible claim for relief based on a violation of any constitutional right on the part of Warden Paramo.  *Iqbal*, 662 U.S. at 678 (noting that Fed. R. Civ. P. 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'") (quoting *Twombly*, 550 U.S. at 555, 570).   Therefore, the Court sua sponte dismisses Paramo as a party to this action based on Plaintiff's failure to state a plausible claim against him.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1); *Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

1

***E.***     ***R.N. Katchka***

2        As to R.N. Katchka, Plaintiff alleges only that this Defendant "acted under color of

3 state law by not documenting [his] injuries" correctly on the CDCR Form 7219 completed

4 after he was examined following the December 21, 2016 incident. (*See* Compl. 3, 8, 10 &

5 Ex. A at 17.) Plaintiff fails to include any further factual content as to Katchka's acts or

6 omissions, and critically, fails to allege how Katchka's alleged failure caused the violation

7 of any constitutional right. *See Iqbal*, 556 U.S. at 676 ("[P]laintiff must plead that each

8 Government-official defendant, through the official's own individual actions, has violated

9 the Constitution."); *Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir. 1987) (prisoners

10 have no "due process right to accurate information in [their] prison record[s].").

11        Therefore, the Court also sua sponte dismisses R.N. Katchka as a party to this action

12 based on Plaintiff's failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) and

13 § 1915A(b)(1); *Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004; *see also King v.*

14 *Holland*, No. 1:15-cv-1885-BAM (PC), 2016 WL 6666836, at *3 (E.D. Cal. 2016) (sua

15 sponte dismissing prisoner's claim that nurse "did not document his injuries" for failing to

16 state a claim pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. 1915(e)(2)(B)(ii)).

17

***F.***     ***Correctional Officer Castillo and Sergeant Alvarez***

18        As to Correctional Officer Castillo and Sergeant Alvarez, the Court finds Plaintiff's

19 Complaint contains Eighth Amendment excessive force claims sufficient to survive the

20 "low threshold" for proceeding past the sua sponte screening required by 28 U.S.C. §§

21 1915(e)(2) and 1915A(b). *See Wilhelm* 680 F.3d at 1123; *Hudson v. McMillian*, 503 U.S.

22 1, 5, (1992) (unnecessary and wanton infliction of pain violates the Cruel and Unusual

23 Punishments Clause of the Eighth Amendment); *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010)

24 (per curiam) (for claims arising out of the use of excessive physical force, the issue is

25 "whether force was applied in a good-faith effort to maintain or restore discipline, or

26 maliciously and sadistically to cause harm." (citing *Hudson*, 503 U.S. at 7) (internal

27 quotation marks omitted)).

28        Accordingly, the Court will direct the U.S. Marshal to effect service upon

3:18-cv-00605-JLS-JLB

Defendants Castillo and Alvarez on Plaintiff's behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

### III. Conclusion and Order

For the reasons discussed, the Court:

1. **DISMISSES** Warden Daniel Paramo and R.N. Katchka based on Plaintiff's failure to state a claim against them sua sponte pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) and **DIRECTS** the Clerk of the Court to terminate Paramo and Katchka as parties to this action.

2. **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (ECF No. 1), and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for Defendants Castillo and Alvarez. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, together with the Central District of California's Order granting Plaintiff leave to proceed IFP, (ECF No. 6), a certified copy of his Complaint, and the summons so that he may serve these Defendants. Upon receipt of this "IFP Package," Plaintiff must complete the Form 285s as completely and accurately as possible, *include an address where Defendants Castillo and Alvarez may be found and/or subject to service* pursuant to Civ. L. R. 4.1(c), and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package.

3. **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon Defendants Castillo and Alvarez as directed by Plaintiff on the USM Form 285s provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

4. **ORDERS** Defendants once they have been served, to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of

Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the defendant is required to respond).

5.      **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendants or their counsel, and the date of that service. *See* Civ. L. R. 5.2. Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon the Defendant may be disregarded.

**IT IS SO ORDERED**.

Dated:  May 25, 2018

Hon. Janis L. Sammartino
United States District Judge

3:18-cv-00605-JLS-JLB