UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BRADLEY,<br><br>Plaintiff,<br><br>v.<br><br>KATCHKA, et al.,<br><br>Defendants. | Case No.: 3:18-cv-00605-JLS-JLB<br><br>**REPORT AND RECOMMENDATION REGARDING DEFENDANTS' MOTION TO DISMISS PORTIONS OF PLAINTIFF'S COMPLAINT**<br><br>**[ECF No. 16]** |

Plaintiff William Bradley ("Plaintiff"), a prisoner incarcerated at Corcoran State Prison ("CSP") in Corcoran, California and proceeding *pro se*, filed a Civil Rights Complaint ("Complaint") on November 21, 2017, alleging civil rights violations pursuant to 42 U.S.C. § 1983 and state law claims against defendants Katchka, M. Castillo, Alvarez, and D. Paramo. (ECF No. 1 ("Compl.").) Defendants Katchka and D. Paramo were *sua sponte* dismissed from the case on May 25, 2018. (ECF No. 12.) Therefore, only Defendants Castillo and Alvarez (collectively, "Defendants") remain.

Presently before the Court is Defendants' Motion to Dismiss Portions of Plaintiff's Complaint, Plaintiff's Opposition to Defendants' Motion to Dismiss, and Defendants'

Reply.[1] (ECF Nos. 16, 21, 22). The Court submits this Report and Recommendation to United States District Judge Janis L. Sammartino pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.3 of the Local Rules of Practice for the United States District Court for the Southern District of California. After a thorough review of Plaintiff's Complaint, the parties' motion papers, and all supporting documents, and for the reasons discussed below, the Court **RECOMMENDS** that the Motion to Dismiss filed by Defendants (ECF No. 16) be **GRANTED**.

# I. BACKGROUND

Plaintiff is a state prisoner currently confined at CSP. (Compl. at 2, 7.)[2] However, at the time of the events set forth in the Complaint, Plaintiff was confined at Richard J. Donovan Correctional Facility ("RJD"). (*Id.* at 2-3, 7.) The following factual allegations are taken from the Complaint:

On December 21, 2016, Plaintiff was in his cell at RJD and suffering from chronic and severe abdominal pain. (*Id.* at 8.) He attempted to get the attention of the floor guard to notify him or her of his pain and his need for medication. (*Id.*) During the third watch, he finally caught Defendant Castillo's attention and attempted to hand him a 7362 health care services request form, but Defendant Castillo "smiled, and said we don't do it that way here, (just call man down!) and he walked off laughing." (*Id.* at 8-9.)

Ten minutes later, R.N. Jones and Defendant Castillo arrived at Plaintiff's cell to issue his evening medication. (*Id.*) When they arrived, Plaintiff was on the floor in a fetal position, holding his stomach and yelling, "Help" and "Man down." (*Id.* at 9.) R.N. Jones

---

[1] In their motion, Defendants do not move to dismiss Plaintiff's Eighth Amendment cruel and unusual punishment claim, which would include Plaintiff's Eight Amendment claim against Defendant Alvarez based upon his alleged failure to intervene in the alleged beating. (*See* ECF Nos. 16-1; 1 at 3.)

[2] All page number citations in this Report and Recommendation refer to the page numbers generated by the CM/ECF system.

asked Defendant Castillo to open Plaintiff's cell for emergency care and treatment. (*Id.*) At that time, Defendant Castillo, along with Defendant Alvarez, entered Plaintiff's cell with "extreme force" and a "ramming shield." (*Id.*) Defendant Castillo then jumped on Plaintiff's back and spinal region and applied extreme pressure to his neck area. (*Id.*) Defendant Castillo also deliberately placed his knee on Plaintiff's lower spinal region causing extreme pain and discomfort. (*Id.*) As he did so, Defendant Castillo continuously shouted, "Stop resisting!" (*Id.*) Plaintiff claims he was not resisting at any time. (*Id.*)

Plaintiff was frightened and feared for his life. (*Id.*) He believes that Defendants intended to cause as much pain and injury to Plaintiff as humanly possible, including killing him. (*Id.*) He further believes that Defendant Alvarez "orchestrated" the "bulldozer assault." (*Id.*)

After the incident, Defendant Katchka deliberately failed to document the injuries Plaintiff suffered. (*Id.* at 10, 17.) She stated that the bruises and discolored areas on Plaintiff's back, spinal region, and upper neck area were not worth documenting. (*Id.* at 10.)

Plaintiff claims Defendants' acts were "malicious and sadistic" and motivated by race. (*Id.* at 9-11.) Plaintiff, who is African American, claims that the Director of Corrections advocates the beating and kicking of "African" prisoners housed at RJD. (*Id.* at 10.) Plaintiff further claims that the force was not applied "in a good faith effort to maintain or restore discipline," and not justified by any penological reason. (*Id.* at 10-11.)

On December 21, 2016, Plaintiff filed a California Department of Corrections and Rehabilitation ("CDCR") 602 Form regarding the alleged assault. (*Id.* at 23-25.) Plaintiff's appeal was denied at the Third Level of review on August 22, 2017. (*Id.* at 26-27.)

///
///
///
///

## II. LEGAL STANDARD

### A. Motion to Dismiss for Failure to State a Claim

The Federal Rules of Civil Procedure require that a plaintiff's complaint must provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading standard of Rule 8 does not require detailed factual allegations, and the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (citing *Twombly*, 550 U.S. at 555).

A motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint. *Twombly*, 550 U.S. at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121–22 (9th Cir. 2008). The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

In ruling on a Rule 12(b)(6) motion to dismiss, the court does not look at whether the plaintiff will "ultimately prevail but whether the [plaintiff] is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The court may consider allegations contained in the pleadings, exhibits attached to the complaint, and documents and matters properly subject to judicial notice. *Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 899 (9th Cir. 2007). The court must assume the truth of

the facts presented and construe all inferences from them in the light most favorable to the nonmoving party. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam). However, the court is "not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

### B. Standards Applicable to *Pro Se* Litigants

With respect to an inmate who proceeds *pro se*, his factual allegations, "however inartfully pleaded . . . must be held to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Erickson*, 551 U.S. at 94 (reaffirming that this standard applies to *pro se* pleadings post-*Twombly*). Thus, where a plaintiff appears *pro se* in a civil rights case, the Court must construe the pleadings liberally and afford plaintiff any benefit of the doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, in giving liberal interpretation to a *pro se* civil rights complaint, courts may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim." *Jones v. Cmty. Redevelopment Agency of City of L.A.*, 733 F.2d 646, 649 (9th Cir. 1984).

Before dismissing a *pro se* civil rights complaint for failure to state a claim, the plaintiff should be given a statement of the complaint's deficiencies and an opportunity to cure. *Karim-Panahi v. L.A. Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988). Only if it is absolutely clear that the deficiencies cannot be cured by amendment should the complaint be dismissed without leave to amend. *Id.*; *see also James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000).

///
///
///
///

## III. ANALYSIS

### A. Due Process

Plaintiff alleges that Defendants' unjustified and penologically unnecessary "beating and kicking" of him violated his Fourteenth Amendment right to due process. (*See* Compl. at 12.) Defendants note that a Fourteenth Amendment claim can be based upon a substantive due process violation or a procedural due process violation. Defendants move to dismiss Plaintiff's due process claim without leave to amend because, as to his substantive claim, Plaintiff's claim can only be analyzed under the Eighth Amendment's Cruel and Unusual Punishment Clause, and, as to any procedural claim, Plaintiff does not allege that any process was due to him. (*See* ECF Nos. 16-1 at 4; 22 at 2.)

The gravamen of Plaintiff's Fourteenth Amendment claim seems to be that his alleged beating amounted to excessive force and a violation of his *substantive* due process rights. The Supreme Court has determined that a prisoner's excessive force claim brought under Section 1983 must be judged by reference to the specific constitutional standard that governs that right rather than under a substantive Fourteenth Amendment due process standard. *See Graham v. Connor*, 490 U.S. 386, 392-95 (1989). Thus, when a prisoner alleges he was assaulted without justification, the prisoner's remedy is under the Eighth Amendment.[3] *See id.* at 395 n.10 ("Any protection that 'substantive due process' affords convicted prisoners against excessive force is, we have held, at best redundant of that provided by the Eighth Amendment."); *see also Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 842-43 (1998) ("[I]f a constitutional claim is covered by a specific constitutional provision, such as the . . . Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due

///

---

[3] The Cruel and Unusual Punishment Clause of the Eighth Amendment protects prisoners from the use of excessive physical force. *See Wilkins v. Gaddy*, 559 U.S. 34, 37-39 (2010); *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992).

6

process.") (internal quotation marks and citation omitted). Accordingly, Plaintiff's substantive due process claim must fail.

As mentioned, Plaintiff's due process claim seems to be a substantive one, and it is not clear Plaintiff intends to raise a procedural due process claim. To the extent that Plaintiff also alleges a procedural due process claim under the Fourteenth Amendment, the Complaint sets forth no facts supporting the existence of such a claim. "To state a procedural due process claim, [a plaintiff] must allege '(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process.'" *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000) (quoting *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993)); *see also Ky. Dept. of Corr. v. Thompson*, 490 U.S. 454, 460 (1990) (procedural due process violations are examined in two steps; "the first asks whether there exists a liberty or property interest which has been interfered with by the State;" and "the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient"). Here, Plaintiff has not alleged a lack of process, *i.e.*, that he was denied a hearing, failed to receive notice of the charges, or that he did not have an opportunity to present his views regarding the alleged beating. *See Wilkinson v. Austin*, 545 U.S. 209, 225-26 (2005) (The Supreme Court's "procedural due process cases have consistently observed that [notice and a fair opportunity to be heard] are among the most important procedural mechanisms for purposes of avoiding erroneous deprivations."); *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 437 (1982) (the Fourteenth Amendment requires "an opportunity . . . granted at a meaningful time and in a meaningful manner, for [a] hearing appropriate to the nature of the case.") (internal citations and quotations omitted).[4]

---

[4] In his opposition, Plaintiff cites *Sandin* in support of his due process claim. (*See* ECF No. 21 at 1-2.) However, the case is inapplicable. In *Sandin*, the Supreme Court addressed the first prong of a procedural due process claim, before concluding that the prisoner did not have a protected liberty interest. 515 U.S. at 487. As such, the court did

7

Thus, the Court concludes that Plaintiff's Complaint does not plead a plausible substantive or procedural due process claim against Defendants. Accordingly, the Court recommends that Plaintiff's due process claim be dismissed.

## B. California Assault and Battery Claim

Plaintiff also alleges that Defendants' unjustified and penologically unnecessary "beating and kicking" of him constituted an intentional assault and battery under California law. (*See* Compl. at 13.) Defendants move to dismiss Plaintiff's state assault and battery claim because he does not allege compliance with the California Government Claims Act ("CGCA"), codified at California Government Code section 810, *et seq.* (ECF No. 16-1 at 4-5.) For the following reasons, the Court recommends that Plaintiff's state assault and battery claim be dismissed.

Before a person can sue a public entity or public employee for money damages[5] for actions taken within the scope of the person's employment, he or she must first file a government claim pursuant to the CGCA. See Cal. Gov't. Code §§ 905.2, 950.2, 950.6; *see also Karim-Panahi*, 839 F.2d at 627 (plaintiff's "pendent state law tort claims against both the individual and public entity defendants are barred unless he presented them [in accordance with the CGCA] before commencing suit."); *Ortega v. O'Connor*, 764 F.2d 703, 707 (9th Cir. 1985), *rev'd on other grounds*, 480 U.S. 709 (1987) ("failure to comply with state-imposed procedural conditions to sue the state bars the maintenance of a cause of action based upon . . . pendent state claims"). A claim relating to a cause of action for injury to a person must be filed or presented to the public entity no later than six months after the cause of action accrues. Cal. Gov't Code § 911.2.

---

not address the second prong. *See id*. The case does not excuse Plaintiff from alleging facts sufficient to meet both prongs.

[5] The government claim filing requirement does not apply to non-pecuniary actions, such as those seeking injunctive, specific, or declaratory relief. *See Robinson v. Alameda Cnty.*, 875 F. Supp. 2d 1029, 1044 (N.D. Cal. 2012) (citing *Canova v. Trs. of Imperial Irrigation Dist. Emp. Pension Plan*, 150 Cal. App. 4th 1487, 1493 (2007)).

In the complaint, a plaintiff "must allege facts demonstrating or excusing compliance with the claim presentation requirement." *State of Cal. v. Super. Ct. (Bodde)*, 32 Cal. 4th 1234, 1243 (2004); *see also Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995) (quoting *Snipes v. City of Bakersfield*, 145 Cal. App. 3d 861, 865 (1983) ("Where compliance with the [CGCA] is required, the plaintiff must allege compliance or circumstances excusing compliance, or the complaint is subject to general demurrer.").

The CGCA "must be satisfied even in the face of the public entity's actual knowledge of the circumstances surrounding the claim." *City of Stockton v. Super. Ct.*, 42 Cal. 4th 730, 738 (2007) (citation omitted). "The purpose of the claims statutes is not to prevent surprise, but to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation." *Id*. (citation and internal quotation marks omitted).

Here, Plaintiff seeks compensatory and punitive damages in his Complaint against Defendants, who are state employees, for actions taken within the scope of their employment, but does not allege compliance with the CGCA. (*See* Compl. at 3, 6.) Moreover, in his opposition, Plaintiff does not contend that he complied with the CGCA. (*See* ECF No. 21.) Instead, Plaintiff argues that "for federal civil rights suits, there is '<u>no</u>' <u>requirement</u> [to file a claim and have it be rejected before a lawsuit can be filed], as there is with an action brought under the [CGCA]." (*See id.* at 3.)

Plaintiff is partially correct. The CGCA generally has "no applicability to [section] 1983 actions." *Silva v. Crain*, 169 F.3d 608, 610 (9th Cir. 1999); *see also Robinson*, 875 F. Supp. 2d at 1044 ("The filing requirement [of the CGCA] does not apply to . . . causes of action based upon federal law."); *Williams v. Horvath*, 16 Cal. 3d 834, 841-42 (1976) (holding that § 911.2 is inapplicable to § 1983 claims and that "the purposes underlying § 1983 . . . may not be frustrated by state substantive limitations couched in procedural language").

However, Defendants are not moving to dismiss Plaintiff's section 1983 claims based on his failure to allege compliance with the CGCA. (*See* ECF No. 16-1 at 4-5.)

Rather, Defendants are only moving to dismiss Plaintiff's state assault and battery claim on this basis. (*See id.*) As Plaintiff has failed to allege compliance with the CGCA with respect to his state assault and battery claim against Defendants, the Court recommends that this claim be dismissed.

The Court has discretion to dismiss Plaintiff's state law assault and battery claim with leave to amend to obtain compliance with the CGCA, unless the claim "could not possibly be cured by the allegation of other facts." *See Robinson*, 875 F. Supp. 2d at 1044 (citing *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000)). Here, Defendants contend that Plaintiff's state assault and battery claim must be dismissed without leave to amend because Plaintiff cannot come into compliance with the CGCA. (*See* ECF Nos. 16-1 at 5-6, 22 at 2-3.)

The incident underlying Plaintiff's assault and battery claim occurred on December 21, 2016. (*See* Compl. at 3, 8, 13.) As more than a year has passed since his cause of action for injury accrued, Plaintiff cannot obtain compliance and amend his Complaint. *See* Cal. Gov't Code §§ 911.2 (claim must be presented within six months after accrual), 911.4(b) (a late claim may be presented within a year after accrual); *see also Rubenstein v. Doe No. 1*, 3 Cal. 5th 903, 906 (2017), *as modified on denial of reh'g* (Nov. 1, 2017) ("A plaintiff may apply for leave to present a late claim, but only if the application is presented within a reasonable time not to exceed one year after the accrual of the cause of action.") (internal citations and quotation marks omitted). Therefore, the only remaining question is whether Plaintiff has already complied with the claims presentation requirement but failed to allege as such in his Complaint.

Defendants attach a declaration to their Motion to Dismiss stating that compliance with the CGCA has not occurred, *see* ECF No. 16-2, but they cite no authority that allows the Court to take judicial notice of or otherwise consider the declaration submitted on a motion to dismiss. The Court refuses to do so here. Accordingly, the Court recommends that Plaintiff be given leave to amend his Complaint to allege compliance with the CGCA, if possible.

## IV. CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that Defendants' Motion to Dismiss be **GRANTED**. Plaintiff's substantive due process claim cannot be cured and the Court recommends dismissal of this claim **with prejudice**. However, because it is not clear that the Complaint's deficiencies with respect to any procedural due process claim and Plaintiff's state law claim cannot be cured by amendment, the Court recommends that these claims be dismissed **without prejudice and with leave to amend**.

**IT IS ORDERED** that no later than **December 10, 2018**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **January 4, 2019**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated: November 9, 2018

*[signature]*
Hon. Jill L. Burkhardt
United States Magistrate Judge