UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BRADLEY, CDCR #E-48180, <br><br> Plaintiff, <br><br> vs. <br><br> KATCHKA, R.N.; <br> M. CASTILLO, Correctional Officer; <br> ALVAREZ, Sergeant; <br> D. PARAMO, Warden, <br><br> Defendants. | Case No.: 3:18-CV-605 JLS (JLB) <br><br> **ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS, (2) ADOPTING REPORT AND RECOMMENDATION, AND (3) GRANTING DEFENDANTS' MOTION TO DISMISS** <br><br> ECF Nos. 16, 23, 24 |

Presently before the Court is Defendants M. Castillo and J. Alvarez's Motion to Dismiss Portions of Plaintiff's Complaint (ECF No. 16). Also before the Court is Magistrate Judge Jill L. Burkhardt's Report and Recommendation ("R&R," ECF No. 23) advising the Court to grant Defendants' Motion, Plaintiff William Bradley's Objections to the R&R ("Objs.," ECF No. 24), and Defendants' Reply to Plaintiff's Objections ("Reply," ECF No. 25). Having considered the parties' arguments and the law, the Court **OVERRULES** Plaintiff's Objections (ECF No. 24), **ADOPTS** the R&R (ECF No. 23) in its entirety, and **GRANTS** Defendants' Motion (ECF No. 16).

/ / /

1

# BACKGROUND

Magistrate Judge Burkhardt's R&R contains a thorough and accurate recitation of the factual and procedural history underlying the instant Motion. *See* R&R 2–3. This Order incorporates by reference the background as set forth therein.

# LEGAL STANDARD

## I. Review of the Report and Recommendation

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties in connection with a magistrate judge's report and recommendation. The district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). In the absence of timely objection, however, the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

## II. Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and

a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (alteration in original). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). "[F]acts that are 'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* at 678–79 (citing *Twombly*, 550 U.S. at 555). This review requires "context-specific" analysis involving the Court's "judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

When a plaintiff appears pro se, the Court construes the pleadings liberally and affords the plaintiff any benefit of the doubt. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002) (citing *Oretz v. Wash. Cnty., Or.*, 88 F.3d 804, 807 (9th Cir. 1996)). When giving liberal construction to a pro se complaint, however, the Court is not permitted to "supply essential elements of claims that were not initially pled." *Easter v. Cal. Dep't of Corr.*, 694 F. Supp. 2d 1177, 1183 (S.D. Cal. 2010) (quoting *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand

a motion to dismiss." *Id.* (quoting *Ivey*, 673 F.2d at 268) (citing *Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984)). The Court should allow a pro se plaintiff leave to amend "unless the pleading 'could not possibly be cured by the allegation of other facts.'" *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1130, 1131 (9th Cir. 2000)).

## ANALYSIS

Plaintiff asserts three claims against Defendants Katchka, Castillo, Alvarez, and Paramo: (1) cruel and unusual punishment in violation of the Eighth Amendment, (2) violation of Plaintiff's right to due process under the Fourteenth Amendment, and (3) assault and battery prohibited by California law. *See generally* ECF No. 1 ("Compl."). Defendants Katchka and Paramo were *sua sponte* dismissed from this case on May 25, 2018. *See generally* ECF No. 12. The remaining Defendants, Castillo and Alvarez, have moved to dismiss only Plaintiff's due process and assault and battery claims. *See generally* ECF No. 16.

### I. Due Process Claim

Plaintiff's due process claim is based on Defendants' allegedly unjustified and penologically unnecessary "beating and kicking" of him. *See* Compl. at 12. Magistrate Judge Burkhardt concludes that Plaintiff's due process claim, to the extent it is predicated on a substantive due process violation, must fail because it is duplicative of his claim under the Eighth Amendment. *See* R&R at 6–7. Further, "[t]o the extent that Plaintiff also alleges a procedural due process claim under the Fourteenth Amendment, the Complaint sets forth no facts supporting the existence of such a claim" because "Plaintiff has not alleged a lack of process, *i.e.*, that he was denied a hearing, failed to receive notice of the charges, or that he did not have an opportunity to present his views regarding the alleged beating." *Id.* at 7. Magistrate Judge Burkhardt therefore recommends that Plaintiff's due process claim be dismissed with prejudice to the extent Plaintiff asserts a substantive due process claim and without prejudice to the extent Plaintiff asserts a procedural due process claim. *Id.* at 8, 11.

4

Plaintiff does not appear object to this portion of Magistrate Judge Burkhardt's R&R,[1] *see generally* Objs.; *see also* Reply at 2, and the Court finds no clear error in the recommendation. The Court agrees with Magistrate Judge Burkhardt that Plaintiff has failed to state a claim for a violation of his procedural due process rights under the Fourteenth Amendment and that the substantive due process claim is redundant of Plaintiff's Eighth Amendment claim. The Court therefore **ADOPTS** Magistrate Judge Burkhardt's R&R and **GRANTS** Defendants' Motion as to Plaintiff's due process claim.

## II. Assault and Battery Claim

Plaintiff also alleges that the allegedly unjustified and penologically unnecessary "beating and kicking" of him constituted an intentional assault and battery under California law, *see* Compl. at 13, for which he seeks compensatory and punitive damages. *See id.* at 3, 6. Magistrate Judge Burkhardt notes that, although "[t]he [California Government Claims Act ("CGCA")] generally has 'no applicability to [section] 1983 actions,'" Defendants here are moving to dismiss Plaintiff's state-law assault and battery claim on the basis that Plaintiff failed to comply with the CGCA. R&R at 9–10. Magistrate Judge Burkhardt recommends that Plaintiff's claim be dismissed without prejudice because "Plaintiff has failed to alleged compliance with the CGCA with respect to his state assault and battery claim against Defendants." *Id.* at 10. Further, because the underlying incident occurred on December 21, 2016, "Plaintiff cannot obtain compliance" at this stage and "the only remaining question is whether Plaintiff has already complied with the claims presentation requirement but failed to allege such in his Complaint." *Id.* at 10. Magistrate Judge Burkhardt therefore "recommends that Plaintiff be given leave to amend his Complaint to allege compliance with the CGCA, if possible." *Id.*

/ / /

---

[1] To the extent Plaintiff claims that Magistrate Judge Burkhardt's R&R is "'<u>collusory</u>' & '<u>conspiratory</u>,'" *see* Objs. at 2 (emphasis in original), the Court disagrees. The R&R is well-reasoned and based in federal precedent.

Plaintiff objects to this portion of Magistrate Judge Burkhardt's R&R; consequently, the Court reviews her recommendation de novo. In his Objections, Plaintiff argues that the CGCA applies only to "litigants filing non-federal civil right suits." Objs. at 1. "[F]urther, for federal civil rights-suits, there is 'NO' requirement, as there is with an action brought under the California Tort Claims Act, that a claim be filed and rejected by the Board of Control before a lawsuit can be filed." *Id.* (emphasis in original). Plaintiff stresses that he "has followed the language of the law to [the] letter." *Id.* at 3. In their Reply, Defendants stress that they "seek to dismiss the state claims" pursuant to the CGCA, not Plaintiff's federal claims under Section 1983. *See* Reply at 2.

The Court must agree with Magistrate Judge Burkhardt and Defendants. As Magistrate Judge Burkhardt notes, the CGCA requires a plaintiff seeking to sue a public entity or public employee for money damages for actions taken within the scope of the employee's employment first to file a government claim. *See* R&R at 8 (citing Cal. Gov't Code §§ 905.2, 950.2, 950.6; *Karim-Panahi v. L.A. Police Dept.*, 839 F.2d 621, 627 (9th Cir. 1985), *rev'd on other grounds*, 480 U.S. 709 (1987)). "A claim relating to a cause of action . . . for injury to person . . . shall be presented . . . not later than six months after the accrual of the cause of action." Cal. Gov't Code § 911.2. If the claim is not timely presented within six months, a claimant may submit a written application for leave to present the claim within a reasonable time, not to exceed one year after the accrual of the cause of action. Cal. Gov't Code § 911.4.

In his claim for assault and battery, Plaintiff seeks compensatory and punitive damages against Defendants, state employees, for actions taken within the scope of their employment. *See* Compl. at 3, 6. Consequently, despite having filed claims under Section 1983, Plaintiff must comply with the CGCA for his assault and battery claim. *See Karim-Panahi*, 839 F.2d at 627 (requiring compliance with California Tort Claims Act for claims under California tort law in suit involving Section 1983 claims). Plaintiff, however, does not contend that he complied with the claims presentment requirement of the CGCA prior to asserting his assault and battery claim. *See generally* Compl.; *see also* R&R at 9.

Accordingly, Plaintiff's claim for assault and battery is properly dismissed for failure to allege compliance with the CGCA.

Although Plaintiff does not appear to challenge that portion of the R&R, Judge Burkhardt is also correct in concluding that Plaintiff cannot obtain compliance with the CGCA at this time. Because the underlying assault and battery occurred on December 21, 2016, *see* Compl. at 3, 8, 13, Plaintiff would have had to present his claim by June 21, 2017, *see* Cal. Gov't Code § 911.2, or have applied to present an untimely claim by December 21, 2017. *See* Cal. Gov't Code § 911.4. Consequently, the only way in which Plaintiff can amend his California assault and battery claim is to allege that he has already complied with the claims presentation requirement. *See* R&R at 10. Accordingly, the Court **OVERRULES** Plaintiff's Objections and **ADOPTS** Magistrate Judge Burkhardt's R&R as to Plaintiff's state law assault and battery claim.

## CONCLUSION

In light of the foregoing, the Court:

1. **OVERRULES** Plaintiff's Objections (ECF No. 24),

2. **ADOPTS** in its entirety Magistrate Judge Burkhardt's R&R (ECF No. 23), and

3. **GRANTS** Defendants' Motion (ECF No. 16). Specifically, the Court **DISMISSES WITH PREJUDICE** Plaintiff's Fourteenth Amendment claim against Defendants Castillo and Alvarez to the extent it is predicated on a violation of Plaintiff's substantive due process rights. The Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's (1) Fourteenth Amendment claim against Defendants Castillo and Alvarez to the extent it is predicated on a violation of Plaintiff's procedural due process rights, and (2) California assault and battery claim against Defendants Castillo and Alvarez to the extent Plaintiff can demonstrate that he has already complied with the claims presentation requirement of the California Government Claims Act. Plaintiff **MAY FILE** an amended complaint to cure the specific deficiencies enumerated above within forty-five (45) days of

///

the date on which this Order is electronically docketed. *Failure to file an amended complaint by this date may result in dismissal of the aforementioned claims with prejudice.*

**IT IS SO ORDERED**.

Dated: March 1, 2019

Hon. Janis L. Sammartino
United States District Judge